UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ROGALSKI,

        Petitioner,

v.                                                 Case No. 20-cv-11332
                                                 Honorable Linda V. Parker

JOHN CHRISTIANSEN,

        Respondents,
_____/

**OPINION AND ORDER: (1) DENYING HABEAS PETITION; (2) DENYING PETITIONER'S MOTION FOR INTERROGATORIES (ECF NO. 14); (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Ronald Rogalski, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* habeas corpus petition challenging his convictions and sentence pursuant to 28 U.S.C. § 2254. A jury in the Wayne County Circuit Court of Michigan convicted Petitioner of operating a motor vehicle while intoxicated ("OWI") with a third offense notice, Mich. Comp. Laws § 257.625, and operating a motor vehicle with license suspended, revoked, or denied, Mich. Comp. Laws § 257.904(1). He was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of four and a half years to seven and a half years imprisonment and six months to one-year imprisonment on those convictions in 2018.

In his pleadings, Petitioner raises a sufficiency of the evidence claim. For the reasons set forth herein, the Court denies the habeas petition and the pending motion for interrogatories (ECF No. 14). The Court also denies a certificate of appealability. However, the Court grants leave to proceed in forma pauperis on appeal.

## I. Background

Petitioner's convictions arise from a car accident on Dickinson Road in Huron Township, Wayne County, Michigan, on November 27, 2017. At trial, a single witness testified. Huron Township Police Officer Michael Trester testified that he arrived at the scene within 15 minutes after being dispatched to the area following a 911 call that reported a suspicious vehicle parked near the caller's driveway with the lights off. (Jury Trial Tr., ECF No. 11-6 at Pg ID 246-47.) He observed a green Ford Escort off the road and crashed into the trees. (*Id.*, Pg ID 247-49.) This vehicle was not located at the address the 911 caller referenced but instead three to four houses down the street. (*Id.*, Pg ID 247, 274-75.)

Officer Trester approached the vehicle's driver's side and noted front-end and passenger-side damage. (*Id.*, Pg ID 249.) The door on the passenger's side was jammed. (*Id.*, Pg ID 266.) The airbags had deployed, and he found Petitioner in the driver seat and Sharon Payne in the passenger seat, both passed out or unconscious. (*Id.*, Pg ID 247-49.) Petitioner was sleeping on a partially deflated

2

airbag, and Payne was sleeping on his lap. (*Id.*, Pg ID 265-66.) Officer Trester opened the Petitioner's door. (*Id.*, Pg ID 249.) He immediately detected the odor of alcohol, and Petitioner had watery eyes and slurred speech. (*Id.*, Pg ID 251-52.)

Petitioner was only partially responsive but was able to provide his driver's license number, which was used to identify him. (*Id.*, Pg ID 251-52.) He admitted that he did not have a valid driver's license, and Officer Trester confirmed this through state records. (*Id.*, Pg ID 252, 56.) When Officer Trester asked about his drinking, Petitioner responded that it did not matter and then indicated that he had been drinking at a bar. (*Id.*, Pg ID 257.) Petitioner was taken to the hospital, where they drew his blood, and testing revealed a blood alcohol content of .314 grams of alcohol per one hundred milliliters of blood. (*Id.*, Pg ID 258-59.)

A recording of Officer Trester's body camera from the incident was admitted into evidence and played for the jury. (*Id.*, Pg ID 259-62.) Photographs that Officer Trester took at the scene were also admitted into evidence. (*Id.*, Pg ID 263.)

On cross-examination, Officer Trester testified that he did not know when the 911 call was made or the exact time of the crash. (*Id.*, Pg ID 264, 66.) He also testified that neither he, the 911 caller, nor any other citizen reported seeing the car being driven or observing the crash. (*Id.*, Pg ID 265.) Officer Trester recalled assuring Payne that the vehicle was not on fire and advised her that she was

observing powder from the airbags. (*Id.*, Pg ID 269-70.) He also testified that, in his experience, a crash is more recent when powder from the airbags is still floating inside the car. (*Id.*, Pg ID 269.) Officer Trester explained that it appeared to him that the airbags had been recently deployed. (*Id.*, Pg ID 276.) He did not observe any other cars in the area that night. (*Id.*)

Petitioner did not testify at trial nor present any defense witnesses, but the defense theory was that he crashed the car while sober and then drank alcohol with Payne while waiting for a friend to drive by and assist them. As the jury deliberated, they requested clarification on the definition of operating a motor vehicle and through a note to the court, asked "[d]oes vehicle have to be moving, someone has to witness vehicle moving, can operator just be sitting there with keys in the ignition?" (Jury Trial Tr., ECF No. 11-7 at Pg ID 330.) The jury further sought clarification on the meaning of "actual physical control." (*Id.*) The court then explained "[o]perating means driving or having actual physical control of the vehicle." (*Id.*, Pg ID 332.) Regarding the question of whether someone has to witness the vehicle moving, the court read a direct and circumstantial evidence instruction. (*Id.*, Pg ID 333.) The jury rejected the theory that Petitioner had operated and crashed the vehicle sober and convicted him of the charged offenses.

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals through

counsel raising claims concerning the sufficiency of the evidence, the validity of his sentence, and the imposition of court costs. The court denied the application "for lack of merit in the grounds presented." *People v. Rogalski*, No. 349030 (Mich. Ct. App. Sept. 11, 2019). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which were denied in a standard order. *People v. Rogalski*, 939 N.W.2d 273 (Mich. 2020). Petitioner did not appeal to the United States Supreme Court or seek collateral review before the trial court.

On April 27, 2020, Petitioner filed his federal habeas petition asserting that the prosecution failed to present sufficient evidence to support his convictions. (Pet., ECF No. 1.) Respondent filed an Answer to the habeas petition. (*See* Answer in Opp'n to Pet. for Writ of Habeas Corpus, ECF No. 10.) Respondent urges the Court to deny relief because the Michigan Court of Appeals reasonably rejected the claims on the merits. (*See id.* at Pg ID 60.) The Court proceeds to address Petitioner's claim.

## II.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner challenging "a matter 'adjudicated on the merits in State court'" must "show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2)

'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has explained that

> a state court decision is 'contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)) (alterations added). Further,

> "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S. Ct. 1495. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. *Id.*, at 410, 412, 120 S. Ct. 1495. The state court's application of clearly established law must be objectively unreasonable. *Id.*, at 409, 120 S. Ct. 1495.

*Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

6

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Thus, "[o]nly an 'objectively unreasonable' mistake, . . . one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.), *cert. denied*, 140 S. Ct. 445 (2019) (quoting *Richter*, 562 U.S. at 103). "That's a 'high bar' to relief, which 'is intentionally difficult to meet.'" *Kendrick v. Parris*, 989 F.3d 459, 469 (6th Cir. 2021) (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015)).

### III. Discussion

Petitioner asserts that the prosecution failed to present sufficient evidence to support his convictions. Specifically, he asserts that the prosecution failed to present evidence showing that he actually operated the vehicle while intoxicated. (ECF No. 1 at Pg ID 25-27.) Further, Petitioner argues that there was evidence of alternate theories, however, none of the referenced evidence was admitted at trial. (*See id*. at Pg ID 27.) Respondent contends that this claim lacks merit. (ECF No. 10.)

The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute

7

the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Following *Winship*, the critical inquiry on review of a challenge to the sufficiency of the evidence supporting a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citations and footnote omitted) (emphases in original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16.

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, "[t]wo layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009).) "[W]e do not [re-weigh] the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Brown*, 567 F.3d at 205; *see also Matthews v.*

*Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court.")) "[I]t is the responsibility of the jury — not the court — to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). The "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, operating a motor vehicle while intoxicated requires proof of three elements: (1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two, or with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood. *People v. Hyde*, 775 N.W.2d 833, 844 (Mich. Ct. App. 2009). The prosecution can present circumstantial evidence that a "defendant drove the vehicle while intoxicated to the location where the police found him." *People of the City of Troy v. Haggarty*, No. 305646, 2012 WL 4465158, at *2 (Mich. Ct. App. Sept. 27, 2012). *See also People v. Solmonson*, 683 N.W.2d 761, 765 (Mich. 2004) (inference that the defendant had driven while intoxicated to the location where the police found him was reasonable where evidence showed that

the engine was still warm, vehicle had five unopened and one opened beer cans, and no one else was found in the area.); *People v. Andrews*, No. 303821, 2012 WL 1450031, at *1 (Mich. Ct. App. Apr. 26, 2012) (finding evidence that defendant was found unconscious and as the sole occupant of vehicle after a homeowner saw the car come to a stop, supported a reasonable inference that defendant was driving the car, while intoxicated.).

Petitioner raised this insufficient evidence claim in his delayed application for leave to appeal in the state courts. The Michigan Court of Appeals denied the application for lack of merit on the grounds presented. The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Officer Trester's testimony about his response time to the scene, his view of the crash site, his observation of the deployed airbags and powder inside the vehicle, Petitioner's position in the driver's seat, his state of intoxication, and his admission that he had been drinking at the bar, provided sufficient evidence for the jury to conclude that Petitioner operated the vehicle while he was intoxicated. Further, during deliberation and based on the jury's questions, it is clear that the jury considered the issue of whether Petitioner was operating his vehicle.

Petitioner challenges the jury's evaluation of the testimony presented at trial and the inferences the jury drew from the evidence as to the element of

"operating". However, it is the job of the factfinder at trial, not a federal habeas court, to resolve such evidentiary conflicts. *Jackson*, 443 U.S. at 326 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.) Furthermore, in *Coleman v. Johnson*, 566 U.S. 650, 655 (2012), the Supreme Court provided guidance for determining what distinguishes "a reasoned inference from 'mere speculation.'" The Supreme Court explained that "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Id*. (citing *Jackson*, 443 U.S. at 319). Once inferences are drawn and a jury is convinced, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Id*. at 656.

Here, the jury's inference that Petitioner was intoxicated while driving and crashing the vehicle could reasonably be derived from Officer Trester's testimony about his observations at the scene. While those facts do not necessarily compel such an inference, it is rational. *See id*. The jury's verdict and the Michigan Court of Appeals' denial of relief are therefore reasonable. Habeas relief is therefore not warranted in this case.

### III.  Conclusion

The Court concludes that Petitioner is not entitled to federal habeas relief for the reasons stated.  Given this determination, the Court also denies Petitioner's pending motion for interrogatories (ECF No. 14).

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner makes no such showing.

Lastly, the Court concludes that Petitioner may proceed *in forma pauperis* if he appeals this decision, because he was allowed to proceed *in forma pauperis* in this Court, and an appeal could be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Court also **DENIES** Petitioner's pending motion for interrogatories (ECF No. 14).

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

**IT IS FURTHER ORDERED** that the Court **GRANTS** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 8, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager